IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEFFERY B. DANIELS, | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | Civil Action No. 4:21-CV-428 |
| | § | |
| FOXWORTH-GALBRAITH | § | |
| LUMBER CO., | § | Jury Requested |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**Jurisdiction and Venue**

1. This action, brought by Plaintiff Jeffery Bernard Daniels ("Daniels"), alleges failure to hire based on race discrimination and/or retaliation under 42 U.S.C. §1981 and Title VII of the Civil Rights Act or 1964 and 1991, as amended and codified at 42 U.S.C. §2000e et seq. ("Title VII") against Defendant Foxworth-Galbraith Lumber Co. ("FG").

2. The Court has jurisdiction under the Fourteenth Amendment to the U.S. Constitution, as codified in the remedial legislation listed above and other federal statutes.

3. No conditions precedent are required to be exhausted and/or performed prior to the filing of the 42 U.S.C. §1981 claims.

4. All conditions precedent have been exhausted and/or performed prior to the filing of the Title VII claims: 1) Daniels raised the issues of race discrimination and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"), within 300 days of the date of the adverse employment actions complained of herein; a federal notice of right to sue letter was received by Daniels from the EEOC no earlier than March

9, 2021 and therefore this complaint was timely filed.  See Exhibit A, which contains copies of the charge and right to sue letter.

5. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343.

6. The acts or omissions, which serve as the basis for this cause of action, occurred in Grayson County, State of Texas and in this Division of the Eastern District of Texas; therefore, venue is proper in this Court. 28 U.S.C. §1391(b) and (c).

## Parties

7. Daniels is a citizen of the United States and the State of Texas and resides in Grayson County, Texas. Daniels may be contacted through his attorney of record in this cause.

8. FG is a privately owned for profit corporation with the relevant business cite located in Van Alstyne, Grayson County, Texas.  FG may be served through its registered agent for service of process, Jack L. Foxworth at 4965 Preston Park Blvd., Suite 400, Plano, TX 75093.

## Factual Allegations

9. Daniels is African American.

10. In late July and through into August 2019, Daniels saw a banner displayed on FG's fence at its facility located in Van Alstyne, Texas that stated that FG was "NOW HIRING!" and "APPLY INSIDE."

11. Daniels went inside of the FG Van Alstyne office and applied for a job on July 25, 2019.

12. Daniels was 59 years old when he applied for the job with FG on that date.

13. Daniels filled out his application that same day, July 25, 2019, while in the FG office.

14. At no time during Daniels's application efforts for a job with FG did FG request or require Daniels to provide a resume or make an appointment for an interview as part of the application process.

15. After Daniels completed his application, Lyndsey, an FG office employee, walked with Daniels to introduce him to Gabe Davis so that Davis could interview Daniels for the position in the truss part of FG's operation.

16. Davis did not acknowledge Daniels's presence or otherwise address him even though Daniels was standing next to Lyndsey.

17. In response to Lyndsey's attempt to present Daniels to Davis for an interview, Davis told Lyndsey that he would not interview Daniels at that time and then walked away without further comment or explanation.

18. On the way back to the office, Lyndsey apologized to Daniels for the way that Davis had acted.

19. That same day Daniels also spoke to another manager, Buster, who was over the lumber part of FG's operation but did not receive an offer of employment from Buster, either.

20. After Daniels left the FG facility on July 25, 2019, on information and belief, Davis interviewed and hired at least one younger Hispanic man that applied later that same afternoon, July 25, 2019, after Daniels left the facility.

21. Several days later, having not heard back from FG, Daniels returned to the FG Van Alstyne location to inquire about his application.

22. Daniels spoke to Lyndsey again and Lyndsey told Daniels that FG had his application and that there was nothing more for him to do for the application process other than to wait to hear back from Davis or someone else at FG.

23. Daniels also spoke to another FG employee at that second visit, Sean, who was in the office, who told Daniels that he would try to help Daniels get a job with FG if he could.

24. On information and belief, at least one or more employees at FG complained about or commented upon the racially disparate way that FG had mistreated Daniels, to include, but not necessarily limited to the following actions:

- not interviewing Daniels,
- ignoring Daniels,
- refusing to hire Daniels from July 25, 2019 onward,
- passing Daniels over to hire lesser qualified non-African Americans (or non-African Americans that applied after Daniels),
- passing Daniels over to hire lesser qualified substantially younger employees than Daniels (or substantially younger employees that applied after Daniels),
- passing Daniels over to hire persons that had not engaged in protected activities (or persons that had not engaged in protected activities that applied after Daniels),
- lying about Daniels's application efforts, and/or
- lying about FG's hiring practices.

25. As a result of FG's knowledge of these complaints or FG's knowledge of Daniels's efforts opposing discrimination in the workplace at FG or elsewhere, FG refused to hire Daniels in retaliation for one or more of those protected activities.

26. On information and belief, prior to Daniels's application for the job with FG, FG's Van Alstyne location hired multiple employees a majority of which were employees of Hispanic descent.

27. On information and belief, prior to Daniels's application for the job with FG, FG's Van Alstyne location hired multiple employees a majority of which were employees that were substantially younger than Daniels.

28. On information and belief, prior to Daniels's application for the job with FG, FG's Van Alstyne location hired multiple employees all of which were employees that FG was not aware had engaged in any efforts opposing discrimination in the workplace.

29. On information and belief, following Daniels's application and following complaints about how Daniels had been mistreated by FG, FG changed its hiring practices in an apparent effort to weaken Daniels's claims of discrimination and/or retaliation against FG.

30. On information and belief, Daniels was as qualified or more qualified for the available positions at FG than (or applied for the positions prior to) the persons that FG hired to fill those position after Daniels submitted his application.

31. On information and belief, FG did not have any legitimate non-discriminatory or non-retaliatory reason for not hiring Daniels into any of the vacant positions that FG filled following Daniels's submission of his completed application on July 25, 2019.

32. FG provided a pretextually false reason (did not complete his application) for not hiring Daniels after Daniels complained of discrimination against FG.

33. As a result of FG's discriminatory or retaliatory actions against Daniels, Daniels suffered economic and non-economic damages, both statutory and equitable in nature, and attorney's fees and costs, for which he seeks recovery.

34. Because of the consistent and known effect of much of the conduct complained of herein, Daniels also asserts that FG has engaged in intentional and malicious conduct such that it should be subject to punitive damages to deter such conduct in the future.

### Damages

35. Because of statutorily impermissible and willful, if not malicious, acts of FG and its representatives, Daniels has suffered loss of income, loss of benefits, loss of career opportunity, and loss of advancement.  Because of the unlawful and outrageous actions of FG, Daniels has suffered humiliation, loss of standing in the community, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation, and mental anguish.  Daniels seeks recovery, compensatory, and equitable (i.e., back pay and front pay), and punitive damages, as well as attorney's fees, and costs and pre and post judgment interest in the maximum amounts allowed by law.

### Relief Requested

Paragraphs one (1) through thirty-five (35) of this complaint are incorporated by reference and made a part of Relief One through Relief Four, inclusive.

### EQUITABLE RELIEF

### Relief One

Daniels seeks an award of back pay and front pay as well as lost retirement damages for the losses of income Daniels has suffered and will continue to suffer because of FG's discriminatory and/or retaliatory-based failure/refusal to hire Daniels in 2019 to the present.

### Relief Two

Daniels is entitled to awards of pre- and post-judgment interest on any amounts awarded to him.

## LEGAL RELIEF

### Relief Three

Daniels is entitled to compensatory, expectation, consequential, and punitive damages due to the illegal, malicious, and/or recklessly indifferent actions by FG as alleged herein pursuant to Title VII and 42 U.S.C §1981.

### Relief Four

Daniels is entitled to reasonable attorney's fees and costs. Title VII and 42 U.S.C §1981.

## PRAYER FOR RELIEF

Daniels requests the Court to cause FG to be cited to appear and answer in this Court, and that upon final hearing, the Court grant to Daniels as follows:

1. Grant Daniels judgment in his favor against FG;
2. Grant Daniels all equitable damages including back pay, front pay, and other employment and retirement benefits;
3. Grant Daniels compensatory damages for FG's acts of discrimination and/or retaliation against him;
4. Grant Daniels punitive damages for FG's willful and malicious acts of discrimination and/or retaliation against him, pursuant to Title VII and 42 U.S.C §1981;
5. Grant Daniels pre- and post-judgment interest in the highest lawful amount;

6. Grant Daniels reasonable attorney's fees, together with his costs; and

7. Such other and further relief as the Court determines justice and equity so require.

Respectfully submitted,

 /s/ Robert Notzon
Robert Notzon
The Law Office of Robert Notzon
Texas Bar No. 00797934
1502 West Avenue
Austin, Texas 78701
Robert@NotzonLaw.com
(512) 474-7563
(512) 852-4788 facsimile
ATTORNEY FOR PLAINTIFF

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| | |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 450-2020-01281 |

**NAME** (Indicate Mr., Ms., Mrs.): Mr. Jeffery B. Daniels

**HOME TELEPHONE** (Include Area Code): 903-744-7313

**STREET ADDRESS**: P.O. Box 295

**CITY, STATE AND ZIP CODE**: Whitewright, TX 75491

**DATE OF BIRTH**: 03/19/1960

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Foxworth-Galbraith Lumber Co.
**NUMBER OF EMPLOYEES, MEMBERS**: >500
**TELEPHONE** (Include Area Code): 903-482-5040

**STREET ADDRESS**: 1776 S. Industrial Pkwy,
**CITY, STATE AND ZIP CODE**: Van Alstyne, TX 75495
**COUNTY**: Grayson

**NAME**: Foxworth-Galbraith Lumber Co.
**TELEPHONE NUMBER** (Include Area Code): 972-665-2400

**STREET ADDRESS**: 4965 Preston Park Blvd., Ste. 400,
**CITY, STATE AND ZIP CODE**: Plano, TX 75093
**COUNTY**: Dallas

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☒ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)
☒ CONTINUING ACTION

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): July 25, 2019
LATEST (ALL): Present

**RECEIVED 10/29/2019 EEOC DALLAS DISTRICT OFFICE**

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

On July 25, 2019, Mr. Daniels, an African American, 59 years of age, applied for a job with Foxworth-Galbraith Truss System factory in response to a posted advertisement on the fence outside of the facility and the recommendation of a friend that already worked there. Mr. Daniels was well qualified for the position. After filling out the application, the front office secretary, Lindsay, walked Mr. Daniels out to the factory floor and informed the foreman (a man of Hispanic descent, named Gabe), with Mr. Daniels standing next to her, that Mr. Daniels was ready for an interview for the position. Gabe did not acknowledge Mr. Daniels's presence, did not review Mr. Daniels's application, and instead told the secretary that he would look at the application later. While Mr. Daniels and the secretary were walking away, Lindsay apologized to Mr. Daniels for the way Gabe treated him. Mr. Daniels left and waited to hear back from Gabe or anyone from Foxworth-Galbraith, but did not hear from anyone. Mr. Daniels returned a few days later to see if there was any update on his application. Lindsay informed Mr. Daniels that his application was in their system and that there was nothing else for him to do other than wait to hear from Gabe.

To this date, Mr. Daniels has not heard back from anyone at Foxworth-Galbraith despite the fact that the advertisement by Foxworth-Galbraith that they are hiring is still posted on their fence and that Mr. Daniels has learned that multiple people have been hired in the same or similar positions that Mr. Daniels applied for since Mr. Daniels submitted his application. The people hired were either not African American, substantially younger, or had not engaged in protected activity. Additionally, following Lindsay's report of Gabe's mistreatment of Mr. Daniels to their managers and HR, Foxworth-Galbraith has changed some of its hiring practices but has still not hired Mr. Daniels.

I believe I was the victim of racial and/or age discrimination and/or retaliated against in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and/or the Texas Commission on Human Rights Act.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: Sept 24/2019  Charging Party (Signature): [signed Jeffery B Daniels]

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (Test 10/94)

EEOC Form 161-B (11/2020) **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jeffery Daniels<br>P.O. Box 295<br>Whitewright, TX 75491 | From: | Raleigh Area Office<br>434 Fayetteville Street, Suite 700<br>Raleigh, NC 27601 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 450-2020-01281 | April A. Klug,<br>Enforcement Supervisor | (984) 275-4830 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Glory Gervacio Saure,
Area Office Director

3/9/2021
(Date Issued)

Enclosures(s)

cc:   Amy Andrews
Director of HR
FOXWORTH-GALBRAITH LUMBER COMPANY
4965 Preston Park Blvd Ste 400
Plano, TX 75093

Robert Notzon
LAW OFFICE OF ROBERT S. NOTZON
1502 West Avenue
Austin, TX 78701